```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
             FLORENCE DIVISION
```

| | |
|---|---|
| Helen Gerald,<br>a/k/a Helen Faye Gerald,<br><br>                   Plaintiff,<br><br>vs.<br><br>The City of Mullins Police Department,<br><br>                   Defendant. | Civil Action No. 4:19-cv-3072-CMC<br><br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint filed October 30, 2019. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

      On November 26, 2019, the Magistrate Judge entered an order citing deficiencies in Plaintiff's Complaint and allowing an opportunity for amendment. ECF No. 10. Plaintiff was specifically put on notice that failure to cure the deficiencies would render the claims subject to dismissal without leave for further amendment. Plaintiff did not respond. On November 26, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without issuance and service of process. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff did not file objections and the time for doing so has expired.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation this matter should be dismissed. Accordingly, the court adopts the Report by reference in this Order. As Plaintiff was specifically warned of the possibility of dismissal if she did not respond to the Magistrate Judge's Order, this action is hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.").

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 19, 2019